## SHALLENBERGER et al. v. CITY OF PAWNEE.

No. 20645. Opinion Filed Dec. 1, 1931.

Rehearing Denied Jan. 12, 1932.

L. F. Severson and J. S. Severson, for plaintiffs in error.

Thurman S. Hurst, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the judgment of the district court of Pawnee county, Okla.; the Honorable Edwin R. McNeill being judge. The record shows that this was an action brought by the city of Pawnee on a construction contract that the plaintiff in error made with the city of Pawnee. The only question between the parties is whether or not the parties became liable in the full amount required to make the repairs for a term of five years, under its guarantee contained in the contract, or whether the amount was limited by a clause in the contract requiring the party to give a mainten-

ance bond for 10 per cent. of the amount of it.

It appears that at the time of the making of the contract, the law required the maintenance bond to be in the amount of 25 per cent. of the contract price, but by some means it was reduced to 10 per cent. The contractor failed to make the repairs and the city made them, and the bonding company paid the full penalty of its bond, leaving a balance due of $1,335.36, with interest at the rate of 6 per cent. per annum to December 15, 1927, for which the court rendered judgment, together with an attorney fee of $500.

The only point made in the brief upon the proposition is that the guarantee for five years was limited to the amount that the surety bond was actually made for. An examination of the contract convinces us that the contractor, at his own expense, agreed to keep the pavements in repair for five years, in consideration of the improvement bonds that were turned over to him. The contract is found in the case-made at page, 7, and the recital clause so shows, as we view it. In the covenanting clause, we find the following:

"and after the completion and acceptance of the same, it shall be maintained and kept in good repair for a period of five (5) years by the contractor, at his own expense during said period without further compensation than that provided for in this contract for the first cost of said work, all as provided in the said specifications."

Language could not be plainer than this. It is contended, however, that a stipulation far removed from this, and appearing later in the contract in connection with a stipulation as to the kind of repairs that were to be made, and for the notice of the necessity to repair, wherein the city is authorized to make the repairs and sue for the expense, and also bring suit on the maintenance bond, affected the liability on the express covenant to keep in repair.

There is nothing in the contract to indicate that the provision as to the amount for which the party is required to give a security bond controls in any manner the provision as to the amount of his liability further than that a man could not have two satisfactions for the same thing, and further than that the liability of the surety was only the amount he became surety for, regardless of the contractor being liable for a greater amount.

We think the lower court did its duty in rendering the judgment it did, and could

not have rendered a judgment of a different kind, under the contract. The cause is therefore affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. McNEILL, J., not participating. LESTER, C. J., and CLARK, V. C. J., absent.